IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-2697-STA |
| | ) | |
| VISION WHEEL, INC., | ) | |
| VISION GLOBAL TECHNOLOGY, | ) | |
| INC., and GLOBAL AUTOMOTIVE | ) | |
| PARTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S RULE 56(D) MOTION FOR DISCOVERY**

Before the Court is Plaintiff David Brooks's Motion for Discovery (D.E. # 17) filed on February 23, 2012. Defendants Vision Wheel, Inc. ("Vision Wheel"); Vision Global Technology, Inc. ("Vision Global"); and Global Automotive Parts, Inc. ("Global Automotive") filed a motion for summary judgment (D.E. # 15) on February 6, 2012, as well as a response in opposition to Plaintiff's Rule 56(d) Motion. For the reasons set forth, the Motion is **DENIED**.

**BACKGROUND**

Plaintiff alleges that Defendants are liable to him for breach of contract and unjust enrichment. According to the motion for summary judgment, Plaintiff contracted with Defendants Vision Wheel and Vision Global as an independent contractor to sell auto parts on a commission basis. The complaint specifically contends that in 2010 Defendants sold significant quantities of freon to various buyers as a result of Plaintiff's sales efforts. According to Plaintiff, he was entitled

1

to 25% of the gross profits on the sales under the terms of his contract with Defendants, which amounted to $2,370,000 for the freon sales. In their motion for summary judgment, Defendants deny Plaintiff's claim that he was not paid the commissions to which he was entitled and argue that Plaintiff demands commissions for sales taking place after he was no longer under contract. As legal grounds for their motion, Defendants argue that Plaintiff's breach of contract theory suffers from a number of defects. Defendant cite evidence that Plaintiff assigned his rights under the commission contract to a third party, thereby extinguishing his own rights under the contract. Defendants further assert that Plaintiff committed the first breach of contract, by engaging in direct competition with Defendants while still bound by a no-compete agreement, and cannot now bring a claim against Defendants for breach. Defendants argue that as a matter of fact, Plaintiff actually was paid all of the commission he had earned. With respect to any breach of contract claim against Vision Wheel or Vision Global, Plaintiff cannot show that he even had a contract with those Defendants. As for Plaintiff's claim for unjust enrichment, Plaintiff has admitted on the record to the existence of a valid contract with Defendant Global Automotive. Under Tennessee law Plaintiff cannot recover on a quasi-contractual theory where a valid contract exists. For these reasons Defendants seek judgment as a matter of law on Plaintiff's breach of contract claim and claim for unjust enrichment.

In response to Defendants' motion for summary judgment, Plaintiff has filed the instant Motion for Discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Plaintiff argues that because Defendants' motion for summary judgment was filed three months before the discovery deadline in this case, the motion is premature and Plaintiff needs additional discovery in order to respond. Plaintiff's brief states without further elaboration that he intends to depose Defendants and engage in more written discovery, which will prove that "a contract existed between

2

Brooks and at least one of the three Defendants." Pl.'s Rule 56(d) Mot. 2 (D.E. # 17). Plaintiff goes on to claim that the discovery he seeks "will also show that Brooks conferred a benefit on all three Defendants, and that it would be unjust and inequitable for the Defendants to retain the benefit without remuneration to Brooks." *Id.* Plaintiff also refers to an unresolved discovery dispute between the parties concerning interrogatories and requests for production Plaintiff propounded to Defendants on November 28, 2011. Plaintiff argues that the "information and evidence to be obtained through the Discovery Requests serve as the basis for genuine dispute of material fact." *Id.* Plaintiff also mentions the name of a non-party who submitted a declaration, which Defendants have attached to the motion for summary judgment.[1] Plaintiff argues that he was unaware of the non-party's testimony until he saw the declaration and for this reason needs an opportunity to depose the non-party. Plaintiff maintains that he has not been dilatory in pursuing discovery. As a result, Plaintiff argues that the Court should grant him the opportunity to conduct additional discovery.

In their response to Plaintiff's Motion for Discovery, Defendants argue that Plaintiff's request should be denied.[2] According to Defendants, Plaintiff has not explained how additional discovery

---

[1] Defendants have filed a redacted motion for summary judgment and accompanying exhibits that omits the name of this non-party, a customer of Defendant Global Automotive (D.E. # 15). Defendants have filed under seal unredacted copies of the motion and exhibits (D.E. # 16). Plaintiff's brief, which was not filed under seal, mentions the name of the non-party. In their reply, Defendants point out that the name of the non-party was redacted in their unsealed motion papers to protected the identity of the non-party. Defendants also argue that the declaration of the non-party was protected from disclosure under the terms of the protective order in this case and indicated such on the cover sheet of the declaration. Defendants contend that Plaintiff's violation of the terms of the protective order is another basis for denying the Rule 56(d) motion.

[2] Defendants initially argue that Plaintiff has not actually responded to the motion for summary judgment on the merits, and for this reason the motion should be granted. The Court finds, however, that consideration of the merits may be justifiably deferred if Plaintiff can show that more discovery is needed to address the merits pursuant to Rule 56(d). Therefore,

3

would resolve or contest any of the issues raised in the motion for summary judgment. Defendants assert that Plaintiff has not noticed any depositions to this point and therefore cannot show that he has been vigilant in pursuing discovery. Plaintiff has specified only one issue on which he seeks discovery, the opportunity to depose the non-party customer. Defendants state that the customer was disclosed as a possible witness in Defendants' initial disclosures and that Plaintiff was asked about the customer during his deposition. As for the substance of the customer's testimony, he averred in his declaration that he did not have a positive view of Plaintiff as a salesperson and that he engaged in business with Global Automotive on the condition that Plaintiff not be involved in the sales. Defendants argue that deposing the customer to challenge his truthfulness is not a sufficient basis for a Rule 56(d) motion. Defendants next address Plaintiff's argument that he needs additional discovery to prove that he had a contract with at least one Defendant. However, Defendants have admitted in their summary judgment motion that Plaintiff did have a contract with Global Automotive. As a result, Plaintiff has not shown a need for any further discovery on this issue. Defendants reiterate their argument about why Plaintiff's unjust enrichment theory fails as a matter of law. Defendants also claim that the discovery dispute Plaintiff mentions in his Motion has now been resolved. Thus, according to Defendants, Plaintiff has not carried his burden to demonstrate a need for additional discovery.

## ANALYSIS

Federal Rule of Civil Procedure 56(b) permits a party to move for summary judgment "at any

---

Defendants' argument that the motion should be granted because Plaintiffs has not responded is not well-taken.

time until 30 days after the close of all discovery."[3] Thus, it is clear that a party may seek summary judgment very early in the proceedings even before the parties have had the opportunity to conduct formal discovery. On the other hand, a non-moving party must receive "a full opportunity to conduct discovery" in order to respond to a motion for summary judgment.[4] To that end Rule 56(d) provides that the court may "allow time to obtain affidavits or declarations or to take discovery."[5] In order to invoke Rule 56(d), however, the party opposing the motion for summary judgment must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[6] The Sixth Circuit has ruled that the filing of an affidavit and/or motion pursuant to Rule 56 is a necessary prerequisite to granting extensions of time for the purpose of obtaining additional discovery to respond to a motion for summary judgment.[7] Rule 56 also requires that "a

---

[3] Fed. R. Civ. P. 56(b).

[4] *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719-20 (6th Cir. 2004). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231-32 (6th Cir.1994) ("[in light of *Anderson* and *Celotex,*] a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery").

[5] Fed. R. Civ. P. 56(d)(2).

[6] Fed. R. Civ. P. 56(d).

[7] *Plott v. Gen. Motors Corp.,* 71 F.3d 1190, 1196 (6th Cir.1995). The Court notes that amendments to Rule 56 took effect on December 1, 2010. The case law on motions for additional discovery under Rule 56 discuss the former subdivision (f). The comments to the 2010 amendments indicate that "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Other than recasting subdivision (f) as subdivision (d) and some other stylistic changes, the Court finds that the new subdivision (d) does not significantly differ from the version of the rule. Therefore, the Court holds that the case law construing the

party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information."[8] The Sixth Circuit has held that it is not an abuse of discretion for the district court to deny the Rule 56 request for discovery when the party "makes only general and conclusory statements [in its affidavit] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [claim] to be discovered."[9]

The Court holds that Plaintiff has not met his burden to show that additional discovery is necessary to respond to Defendants' motion for summary judgment. While Plaintiff has complied with the technical requirements of Rule 56(d), Plaintiff has not demonstrated with any particularity what discovery he needs to controvert Defendants' version of the facts and how he intends to obtain it. Nor has Plaintiff attempted to show how further discovery will refute the legal arguments raised in the motion for summary judgment. For example, Plaintiff has not explained why he needs more proof that he had a contract with "at least one of the three Defendants" when Global Automotive has conceded in the motion for summary judgment that it had a valid contract with Plaintiff. And Plaintiff does not specify what evidence exists that could challenge Defendants' contention that Plaintiff was paid for all commissions to which he was entitled under the contract. Plaintiff has not

---

former Rule 56(f) continues to control the application of the new Rule 56(d).

[8] *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000). *See also CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008).

[9] *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir.1999). *See also Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989) (not an abuse of discretion to reject a Rule 56(f) affidavit as insufficient to support further discovery when the affidavit lacks "any details" or "specificity").

shown how he intends to obtain evidence to show that he did not assign his rights under the commission contract to another party, thereby extinguishing his contractual rights. Rather than address these specific issues raised in the summary judgment motion, Plaintiff has vaguely alluded to the need for depositions and proof to establish his claims generally. The Court finds that Plaintiff has failed to show his need for more discovery and has not established how an extension would allow him to challenge the arguments raised by Defendants.

Furthermore, Plaintiff asserts that the parties find themselves in a discovery dispute and that it would be inappropriate to reach the merits of the motion for summary judgment until the dispute is resolved. Plaintiff relies on the Sixth Circuit's recent decision in *Bobo v. United Parcel Service, Inc.*, 665 F.3d 741 (6th Cir. 2012). In *Bobo*, the Sixth Circuit faulted the district court for granting summary judgment on a Title VII claim in favor of the defendant before the court had ruled on the plaintiff's objections to a discovery order from the magistrate judge, a Rule 56(d) motion for additional discovery filed by the plaintiff, and a request to complete a suspended deposition.[10] The plaintiff in *Bobo* had filed a motion to compel, seeking "a wider scope of discovery" about comparator employees, as well as a motion to extend the discovery deadline for the purpose of deposing fifty more witnesses.[11] Shortly after the magistrate judge denied both motions, the defendant filed a motion for summary judgment, to which the plaintiff responded by filing a Rule 56(d) motion as well as objections to the discovery orders.[12] The district court granted the defendant summary judgment without first ruling on the plaintiff's objections to the magistrate judge's

---

[10] *Bobo*, 665 F.3d at 753–54.

[11] *Id.* at 749.

[12] *Id.* at 749–50.

7

discovery orders or the plaintiff's Rule 56(d) motion. The Sixth Circuit concluded that "the district court's framing of the similarly-situated standard was too narrow and necessitated an exact correlation not required by the law of this circuit."[13] Consequently, the district court also defined too narrowly the scope of relevant evidence for purposes of discovery in the case.[14] Therefore, the Sixth Circuit reversed and remanded.

In the case at bar, Plaintiff argues that like the plaintiff in *Bobo*, he must be granted an opportunity to conduct more discovery before the Court can consider the motion for summary judgment. The Court finds that *Bobo* does not actually support Plaintiff's position under the circumstances. Unlike the plaintiff in *Bobo*, Plaintiff has not actually filed a motion to compel or a motion seeking any relief from the Court about the discovery responses (much less objections to a magistrate judge's order on such a motion). Plaintiff argues without any specificity that "the parties are currently in a dispute as to Defendants' incomplete response" to Plaintiff's discovery requests.[15] Although there may be defects in Defendants' discovery responses, Plaintiff has not raised those defects in the form of a properly filed motion.[16] Other than the passing reference in Plaintiff's Motion for Discovery, Plaintiff has not sought the intervention of the Court to resolve a discovery dispute, and so there is nothing for the Court to consider on this issue. Furthermore, based

---

[13] *Id.* at 572 (citations, quotations, and additions omitted).

[14] *Id.*

[15] Pl.'s Rule 56(d) Mot. 5 (D.E. # 17).

[16] Generally speaking, the filing of a motion is a prerequisite for any request for court order. *See* Fed. R. Civ. P. 7(b) (setting forth the requirements for motions in federal practice including that the motion be made in writing and state with particularity the grounds for seeking the court order). Plaintiff has not filed a proper motion concerning the alleged defects in Defendants' discovery responses.

on Defendants' response to Plaintiff's Rule 56(d) Motion, there is a question about whether such a discovery dispute even remains. The Court would hasten to add that Plaintiff remains free to raise any issues related to discovery in a proper motion. Most importantly, unlike the plaintiff in *Bobo*, Plaintiff in this case will have a ruling on his Motion for Discovery under Rule 56(d) before the Court decides Defendants' motion for summary judgment. For these reasons, the Court finds that *Bobo* does not alter the Court's conclusion that Plaintiff's Motion must be denied.

The Court holds that since Plaintiff has not met his burden to show why he needs an additional opportunity for discovery in this case, Plaintiff's Motion for Discovery is **DENIED**. Plaintiff is ordered to respond to Defendants' motion for summary judgment (D.E. # 15) and file other appropriate motions, if any, within twenty-one (21) days of the entry of this Order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 13, 2012.